**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jon M. SHERWOOD, Appellee.**

Superior Court of Pennsylvania.

Argued May 18, 2004.

Filed Sept. 21, 2004.

---

Daniel R.L. McGuire, Asst. Dist. Atty., Harrisburg, for Com., appellant.

Peter T. Campana, Williamsport, for appellee.

BEFORE: DEL SOLE, P.J., KELLY and CAVANAUGH,* JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal by the Commonwealth from a trial court order issued in response to Appellee's application for restoration of firearm rights. Finding no allegation or evidence that Appellee's fire-

---

* Judge Cavanaugh did not participate in this decision.

1. 18 Pa.C.S.A. § 3122 was repealed in 1995. The relevant law is now found at 18 Pa.C.S.A.

arm rights were ever removed pursuant to the Pennsylvania Crimes Code, we find the trial court's order was improper and must be vacated.

¶ 2 In 1982, Appellee pled guilty to the crime of statutory rape in violation of former § 3122 of the Crimes Code. This offense was classified as a felony of the second degree and was punishable for a maximum term of not more than ten years.[1] In February of 2003, Appellee filed an Application for Restoration of Firearm Rights. Therein he sought to have his firearm rights restored pursuant to 18 Pa.C.S.A. § 6105(d) and (e) and/or 6105.1. He asked the court to enter an order "granting him 'restoration of firearm rights' as defined in 18 Pa.C.S.A. § 6105.1(e)." The definition provided in § 6105.1(e) includes restoration of the right to vote, hold public office and serve on a jury. The trial court order in this case referenced the restoration of Appellee's right to vote, hold public office and serve on a jury. The Commonwealth in this appeal argues that the trial court committed reversible error in holding that it had the authority to restore these civil rights, thereby functionally relieving Appellee of his federal firearm disability as a matter of law.

¶ 3 Section 6105.1 provides a means for persons convicted of a disabling offense to seek restoration of firearm rights.

¶ 4 Section 6105.1(e) defines the term "restoration of firearms rights" to include:

Relieving any and all disabilities with respect to a person's right to own, possess, use, control, sell, purchase, transfer, manufacture, receive, ship or transport firearms, including any disabilities

---

§ 3122.2 and the crime is referred to as statutory sexual assault. It remains a felony of the second degree, punishable with imprisonment of not more than ten years.

imposed pursuant to this subchapter. The phrase shall also mean the restoration of the right to vote, to hold public office and to serve on a jury.

The restoration of a person's right to vote, to hold public office and to serve on a jury, referred to as "core civil rights," is critical to an individual who seeks to apply an exception to the federal firearm disability statute. Generally, federal law prohibits firearm possession to those who have been convicted of a state or federal crime punishable by imprisonment for more than a year. 18 U.S.C. § 922(g)(1). However, excluded from the definition is any conviction which has been expunged or set aside or where the individual has been pardoned or has had his civil rights restored. 18 U.S.C. § 921(a)(20). Accordingly, the Commonwealth seeks to argue that the trial court did not have the authority to restore Appellee's civil rights.

¶ 5 A person convicted of certain crimes in this Commonwealth loses certain rights, among them the right to vote, hold public office and serve on a jury. The right to vote is automatically restored after completion of the term of imprisonment. 25 P.S. § 2602(w); *Mixon v. Commonwealth,* 759 A.2d 442 (Pa.Cmwlth.2000), aff'd per curiam, 566 Pa. 616, 783 A.2d 763 (2001). The right to hold public office for a felon is restricted under Article II, Section 7 of the Pennsylvania Constitution. See *Commonwealth ex rel Baldwin v. Richard,* 561 Pa. 489, 751 A.2d 647 (2000). And, 42 Pa. C.S.A. § 4502 prohibits those convicted of a crime which is punishable for more than one year from sitting on a jury. An indi-

vidual may make application under § 6105.1(e) to have these rights restored; however this restoration only applies to certain disabling offenses.[2] Because Appellee was convicted of a crime punishable by a term of imprisonment of more than two years, the trial court specifically found that Appellee's statutory rape conviction was not a "disabling offense" under Section 6105.1(e) and remarked that it did not grant relief under that section. Trial Court Opinion, 10/9/03, at 2. Moreover, Appellee acknowledges that "a strict reading of § 6105.1 offers [him] no relief from his federal firearms disability because his disqualifying conviction does not fit the definition of a 'disabling offense.'" Appellee's Brief at 7. Therefore, because Appellee was not convicted of a "disabling offense" as defined in § 6105.1, he cannot and was not granted relief under that section.

¶ 6 The Crimes Code in section, 18 Pa. C.S.A. § 6105, makes it a crime for those convicted of certain enumerated offenses to possess a firearm. It also includes a provision for individuals to make an application for an exemption from this prohibition if they meet certain criteria. See 18 Pa.C.S.A. § 6105(b) and (d). However the enumerated offenses to which the prohibition applies, listed in § 6105(b), do not include statutory rape or its recent equivalent, statutory sexual assault. Thus, relief could not be granted under § 6105.

¶ 7 Upon review of the trial court's order, we conclude that the court was cognizant of the fact that Appellee did not es-

---

**2.** A disabling offense is defined, in part, as one which:

(1) Resulted in a Federal firearms disability and is substantially similar to either an offense currently graded as a crime punishable by a term of imprisonment for not more than two years or conduct which no longer constitutes a violation of law; and

(2) was a violation of either of the following:

(i) [The Vehicle Code]; or

(ii) [The Penal Code].

42 Pa.C.S.A. § 6105.1(e).

tablish that his right to possess a firearm was ever restricted by virtue of his past criminal act under Pennsylvania law. The trial court order reads:

> AND NOW this 10th day of June, 2003, upon consideration of Defendant's Application for Restoration of Firearms rights, filed February 11, 2003, and after a hearing held on March 31, 2003, and a further conference with counsel on April 28, 2003, the court having been unable to determine that Defendant actually lost his state right to possess firearms, the conviction at issue not appearing to have been a "disabling offense" under the Pennsylvania Uniform Firearms Act, but it nevertheless appearing that Defendant should be entitled to the restoration of his rights in the event he did lose them, it is hereby ORDERED AND DIRECTED that, to the extent his state right to possess firearms was lost by reason of his prior conviction, the Court hereby RESTORES Defendant's right to own, possess, use, control, sell, purchase, transfer, manufacture, receive, ship or transport firearms, to vote, hold public office and serve on a jury.

Order, 6/10/03.

¶ 8 In a further order entered after the Commonwealth filed a motion for reconsideration, the trial court remarked that it "agrees with the State Police that the Court's Order addressed only Defendant's state right to possess firearms, and does not address his rights arising under federal law." Order, 7/2/03. In its Pa.R.A.P 1925(a) opinion, the trial court stated: "The Court notes that in 'granting' the application, the Court found that it was unable to determine that Defendant had actually lost his state right to possess firearms but it nevertheless appeared that he should be entitled to possess firearms." Trial Court Opinion at 1.

¶ 9 Although the trial court's order on appeal attempts to address Appellee's state right to possess a firearm, the trial court was without authority to so rule because it was never established that Appellee's state right to possess a firearm was curtailed. *See Fox v. Central Delaware County Auth.* 475 Pa. 623, 381 A.2d 448, 449–50 (1977) (a court should act only where a real controversy exists). Appellee specifically sought relief in his application under 18 Pa.C.S.A. "§ 6105(d) and (e) or § 6105.1," and asked the trial court to issue an order restoring his firearms rights as defined in § 6105.1(e), which includes language regarding restoration of certain civil rights. As noted, these statutory provisions do not apply to the facts of this case. The trial court recognized that Appellee was not convicted of a "disabling offense" and therefore was not entitled to restoration of his rights under § 6105.1, and that the provisions of § 6105 did not apply to the crime for which he was convicted. The trial court therefore should have declined to afford Appellee relief.

¶ 10 We acknowledge that Appellee sought specific relief, which included language regarding restoration of his core civil rights, in an effort to have his federal firearms rights restored. The trial court in including such language acted under authority of a Commonwealth Court decision, *Pennsylvania State Police v. Paulshock*, 789 A.2d 309 (Pa.Commw.2001), which sought to apply the provisions of § 6501. However, as noted, § 6501 is inapplicable to Appellee. Further, the Commonwealth Court's decision has since been reversed by our Supreme Court. *See Pennsylvania State Police v. Paulshock*, 575 Pa. 378, 836 A.2d 110 (2003). The Supreme Court ruled that the only relief which could be granted pursuant to § 6105 is from a state firearms disability and that a common pleas court order could not effectuate the removal of a federal firearms

disability. The Court found it unnecessary to review the claim of whether the court of common pleas had the authority under § 6105 to fully restore a person's civil rights so as to relieve him of a federal firearms disability.[3]

¶ 11 Because in this case Appellee sought to restore firearms rights which he never established had been removed under § 6501 and because the provisions of § 6105.1 were not applicable where Appellee had not been convicted of a "disabling offense," the trial court erred in granting him relief.[4] Accordingly, we find the trial court's ruling was improper and must be vacated.

¶ 12 Order vacated. Jurisdiction relinquished.

3. At the time of the Supreme Court's decision the newly enacted statute, 18 Pa.C.S.A. § 6105.1, which permits the complete restoration of civil rights in certain instances, was not applicable. *See Paulshock,* 836 A.2d at 120 n. 4 (Newman, J., concurring and dissenting).

4. In addition we note that Appellee's constitutional challenges to any denial of his civil rights are misplaced in this action. Such challenges must go to the statutory and constitutional provisions which caused the removal of Appellee's civil rights and not as a challenge to the Uniform Firearms Act.