**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**William C. STIVER, Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted May 2, 2012.

Filed May 30, 2012.

Michael F. Salisbury, Assistant District Attorney, Lock Haven, for Commonwealth, appellant.

Charles R. Rosamilia, Jr., Lock Haven, for appellee.

John J. Herman, Harrisburg, for State Police, Amicus Curiae.

BEFORE: GANTMAN, J., LAZARUS, J., and MUNDY, J.

OPINION BY LAZARUS, J.

The Commonwealth of Pennsylvania appeals from the order entered in the Court of Common Pleas of Clinton County granting William C. Stiver, Jr.'s application to restore civil rights. Because the trial court did not have the authority to restore Stiver's civil rights to sit on a jury or hold public office, we vacate the trial court's order.

In September 1986, Stiver was convicted by a jury of theft (F3) and other related offenses. As a result of his conviction, Stiver was prohibited under state and federal law from possessing or controlling firearms. *See* 18 Pa.C.S.A. § 6105(a), (b) (prohibiting firearm ownership following conviction of certain enumerated offenses, including theft); 18 U.S.C. § 922(g)(1) (prohibiting firearm ownership to anyone who has been convicted of a crime punishable by more than one year in prison).

On December 17, 2010, Stiver filed an Application for Exemption pursuant to 18 Pa.C.S.A. § 6105(d) to the prohibition against owning or possessing a firearm under section 6105(a). Section 6105(d) provides:

> **(d) Exemption.**—A person who has been convicted of a crime specified in subsection (a) or (b) or a person whose conduct meets the criteria in subsection (c)(1), (2), (5), (7) or (9) may make application to the court of common pleas of the county where the principal residence of the applicant is situated **for relief from the disability imposed by this section** upon the possession, transfer or control of a firearm. The court shall grant such relief if it determines that any of the following apply:
>
> (1) The conviction has been vacated under circumstances where all appeals have been exhausted or where the right to appeal has expired.
>
> (2) The conviction has been the subject of a full pardon by the Governor.
>
> (3) Each of the following conditions is met:
>
> (i) The Secretary of the Treasury of the United States has relieved the applicant of an applicable disability imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction, except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants eligible for the relief.
>
> (ii) A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction

of the applicant of a crime enumerated in subsection (b) or a felony violation of The Controlled Substance, Drug, Device and Cosmetic Act.

18 Pa.C.S.A. § 6105(d) (emphasis added).

The trial court scheduled a hearing for April 11, 2011 after instructing Stiver to give notice to his victim that he was seeking the desired relief. At the hearing, the trial court ruled that section 6105(d)(3) was satisfied, finding that the United States Congress had not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to applicants from the federal firearms disability and that a period of 10 years had elapsed since Stiver's most recent conviction. Therefore, the trial court granted Stiver's application to relieve the disability imposed by section 6105(a).

Subsequently, Stiver attempted to purchase a firearm but the Pennsylvania State Police refused to process his request unless he first obtained a court order reinstating all of his civil rights, including the right to vote, hold public office and sit on a jury. Accordingly, on August 24, 2011, Stiver filed an Application to Restore Civil Rights with the Court of Common Pleas. The court conducted a hearing on September 12, 2011. At the hearing, Stiver's counsel informed the court that the Pennsylvania State Police would not process Stiver's request to own or possess firearms unless the court entered this supplemental order. The court agreed, entering an order purporting to restore all of Stiver's civil rights, notwithstanding the fact that Stiver's right to hold public office or sit on a jury are prohibited under state law. Trial Court Opinion, 11/18/11, at 2.

The Commonwealth filed a timely notice of appeal and complied with the trial court's order to file a statement of errors complained of on appeal pursuant to Pa.

R.A.P. 1925(b). The Commonwealth presents two questions for our review:

1. Did the trial court err in finding it had authority and that [Stiver] was eligible to have certain civil rights restored under 18 Pa.C.S.A. § 6105(d)(3)?

2. Did the trial court err when it found that the restoration of civil rights was tied to the ability to possess firearms?

Brief of Appellant, at 4.

■ The trial court correctly ruled in the April 11, 2011 hearing that Stiver was entitled to relief from the firearms disability imposed under state law, as the court made a factual determination that the conditions for relief under section 6105(d)(3) were satisfied. However, subsection 6105(d) simply removes the firearms disability imposed under section 6105(a); it does nothing to restore any other disability that may apply under **federal** law. *See* 18 Pa.C.S.A. § 6105(d); *Beecham v. United States*, 511 U.S. 368, 373, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994) (where civil rights have not been restored, individual violates federal law by possessing firearm, even if individual has had disability removed pursuant to state law). Nevertheless, relief under 6105 is not inconsequential. Where the federal prohibition under 18 U.S.C. § 922(g) does not apply or is later removed, a petitioner may regain full firearm rights. Thus, section 6105(d) moves a petitioner one step closer to being able to legally own and possess a firearm.

■ To determine whether the trial court had authority to restore Stiver's full firearm rights, rather than merely remove the disability under section 6105(a), we must ascertain whether Stiver was prohibited from owning a firearm under federal law. Section 922(g)(1) of the United States Crimes Code provides:

It shall be unlawful for any person ... who has been *convicted* in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis added). The term "conviction," for purposes of section 922(g)(1), is defined in section 921(a)(20) as follows:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. **Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter,** unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added). Thus, a person who has his full civil rights restored under the law of the convicting state is not restricted from owning a firearm under federal law. *See Caron v. United States,* 524 U.S. 308, 313, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998) (convictions, pardons, expungements and restorations of civil rights are determined by reference to law of convicting jurisdiction); *see also United States v. Cassidy,* 899 F.2d 543 (6th Cir.1990) (state, not federal, law determines whether individual has had his or her civil rights restored for state conviction).

■ Here, Stiver was convicted in state court of theft, a third-degree felony punishable by more than one year in prison. However, it does not necessarily follow that Stiver's firearm rights are restricted under federal law, because a person is not "convicted" for purposes of section 922(g) if his civil rights are restored. *See* 18 U.S.C. § 921(a)(20); *Pennsylvania State Police v. Viall,* 774 A.2d 1288, 1291 n. 9 (Pa.Cmwlth.2001).

■ For federal law to recognize the state restoration of rights pursuant to section 921(a)(20), the state restoration must include an unconditional restoration of firearm rights as well as the right to vote, the right to seek and hold public office and the right to serve on a jury. *See Commonwealth v. Sherwood,* 859 A.2d 807, 809 (Pa.Super.2004); *Logan v. U.S.,* 552 U.S. 23, 128 S.Ct. 475, 169 L.Ed.2d 432 (2007). Recognizing this requirement, the trial court declared that Stiver's civil rights had been restored. However, simply declaring that rights are restored does not mean that the rights were actually restored or that the court had the authority to restore them.

■ As the trial court notes, Article II, § 7 of the Pennsylvania Constitution prohibits any person who had been convicted of a felony from holding public office. Pa. Const. Art. II, § 7 (prohibiting persons convicted of "infamous crime" from holding public office); *see Commonwealth ex rel. Kearney v. Rambler,* —— Pa. ——, 32 A.3d 658, 664 (2011) (crime graded as felony in Pennsylvania is an "infamous crime" for purposes of Article II, § 7); *see also Commonwealth ex rel. Baldwin v. Richard,* 561 Pa. 489, 751 A.2d 647 (2000) (courts of common pleas are without authority to permit plea bargain that would permit convicted felon to stay in office in contravention of the Pennsylvania Constitution). Further, section 4502 of the Judiciary Code prohibits persons convicted of crimes punishable by more than one year of imprisonment from sitting on a jury. *See* 42 Pa.C.S.A. § 4502. Thus, the trial

court did not have the authority to restore Stiver's right to hold public office or serve on a jury.

■ Stiver argues alternatively that his firearm rights should be restored under 18 Pa.C.S.A. 6105.1 (Restoration of firearm rights for offenses under prior laws of this Commonwealth). Stiver's claim is without merit. First, Stiver has not applied for, nor has the trial court granted, relief under this section. Second, even if Stiver had applied for the restoration of firearm rights under section 6105.1, no relief would be due.

Section 6105.1 provides in relevant part:

(a) **Restoration.**—A person convicted of a disabling offense may make application to the court of common pleas in the county where the principal residence of the applicant is situated for restoration of firearm rights.

\* \* \*

(e) **Definitions.**—As used in this section, the following words and phrases shall have the meanings given to them in this subsection

"Disabling offense." A conviction for any offense which:

(1) resulted in a Federal firearms disability and is substantially similar to either an offense currently graded as a crime punishable by a term of imprisonment for not more than two years or conduct which no longer constitutes a violation of law; and

(2) was a violation of either of the following:

(i) the former [Vehicle Code]; or

(2) the former [Penal Code].

\* \* \*

"Restoration of firearms rights." Relieving any and all disabilities with respect to a person's right to own, possess, use, control, sell, purchase, transfer, manufacture, receive, ship or transport firearms, including any disabilities imposed pursuant to this subchapter. The phrase shall also mean the restoration of the right to vote, to hold public office and to serve on a jury.

18 Pa.C.S.A. 6105.1(a), (e).

Section 6105.1 applies only to persons convicted of a "disabling offense;" i.e., persons who have a federal firearms disability that resulted from an offense under the previous Penal or Traffic Code of this Commonwealth, and which is no longer graded as an offense punishable by two or more years' imprisonment under the current laws of this Commonwealth. *See* 18 Pa.C.S.A. 6105.1(a), (e). Stiver's conviction for theft, a felony of the third degree, is not a "disabling offense" under section 6105.1(e) because it is punishable by more than two years' imprisonment. Accordingly, section 6105.1 does not apply.[1]

Because Stiver's civil right to hold public office or serve on a jury could not be restored by the trial court under state law, he does not qualify for removal of the firearm disability under federal law based on the restoration of civil rights. *See* 18 U.S.C. § 921(a)(20). While Stiver could

---

1. Section 6105(d), unlike section 6105.1, does not include language to restore civil rights beyond the state firearms disability. *See* 18 Pa.C.S.A. § 6105.1(e) (defining "Restoration of firearm rights" as relieving all disabilities with respect to person's right to possess, use or control firearms, including "restoration of the right to vote, to hold public office and to serve on a jury"). If section 6105 were amended to include such language, it is unlikely that it would afford Stiver relief because he would still be prohibited under the Pennsylvania Constitution from holding public office. *See* Pa. Const. Art. II, § 7 (persons convicted of felony prohibited from holding public office). However, because this issue is not before us, we will save its consideration for another day.

have had his federal firearm rights restored through expungement or gubernatorial pardon, *see id.*, or an application to remove the federal firearms disability pursuant to federal law, *see* 18 U.S.C. § 925(c), he has not done so. Absent such relief, the federal firearms disability under section 922(g) still applies. Accordingly, the trial court erred in declaring that Stiver could legally own or possess a firearm and that the Pennsylvania State Police were required to recognize his right to do so. *See* 18 Pa.C.S.A. § 6111.1(b)(1)(i) (duty of state police to enforce state and federal prohibitions on firearm ownership).[2]

Order vacated. Jurisdiction relinquished.

---

2. Because the trial court was without authority to restore Stiver's Constitutional rights, we need not address the Commonwealth's second issue, regarding whether the trial court erred in finding that the restoration of civil rights was tied to the right to own a firearm.