J-S50004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WILLIAM ILGENFRITZ | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PENNSYLVANIA STATE POLICE | |
| Appellant | No. 2092 MDA 2015 |

Appeal from the Order Entered November 4, 2015
in the Court of Common Pleas of York County Civil Division
at No(s): 2014-SU-004489-49

BEFORE: MUNDY, STABILE, and FITZGERALD,* JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED JULY 22, 2016**

The Pennsylvania State Police ("PSP") appeals from the order of the York County Court of Common Pleas granting Appellee William Ilgenfritz's application to restore his firearm rights. The PSP claims that the trial court lacked jurisdiction to consider Appellee's petition and erred in finding Appellee's prior misdemeanor conviction did not restrict his firearm rights under federal law.[1] We vacate the order.

On December 28, 2010, Appellee was charged in Mifflin County with driving under the influence ("DUI")—incapable of safely driving, second offense, *see* 75 Pa.C.S. § 3802(a)(1), DUI—highest rate of alcohol, second offense, *see* 75 Pa.C.S. § 3802(c), and careless driving, *see* 75 Pa.C.S. §

---

* Former Justice specially assigned to the Superior Court.

[1] As indicated below, we have reordered the questions presented in this appeal.

3714. On March 28, 2011, Appellee entered a guilty plea to one count of DUI ("2011 conviction"), a second offense. That same day, the Mifflin County trial court sentenced him to three years' intermediate punishment ("IP"), to be served in York County, his place of residence. The Mifflin County docket initially indicated that Appellee pleaded guilty to a violation of Section 3802(a)(1), and the Section 3802(c) and summary traffic charges were "nolle prossed."[2]

In June 2014, after the IP sentence expired, Appellee attempted to purchase a firearm and completed a form indicating that he had not been convicted of a crime for which the judge could have imprisoned him for more than one year. The PSP conducted an instant background check.[3] The PSP's initial criminal history report listed Appellee's 2011 conviction as a violation of Section 3802(a)(1), graded as first-degree misdemeanor and the sentence of three years' IP. The PSP ultimately issued a denial, asserting that Appellee's 2011 conviction disqualified him from possessing a firearm.[4] Sometime after December 1, 2014, the PSP amended its criminal history

---

[2] A conviction for Section 3802(c), as a second offense, was graded as a first-degree misdemeanor carrying a maximum sentence of five years. **See** 75 Pa.C.S. § 3803(b)(4); **see also** 18 Pa.C.S. § 1104(1). A conviction for Section 3802(a)(1), was graded as a third-degree misdemeanor and carried a maximum sentence of six months. **See** 75 Pa.C.S. § 3803(a)(1).

[3] The PSP is responsible for the administration of "PICS," the Pennsylvania Instant Check System database. 37 Pa. Code § 33.102.

[4] The PSP separately charged Appellee with making false statements. Those charges were dismissed at a preliminary hearing on October 29, 2014.

records to indicate that Appellee pleaded guilty to a violation of Section 3802(c).[5]

On December 22, 2014, Appellee filed the "Petition to Restore Firearm Rights Pursuant To 18 Pa.C.S. § 6105(f)," which gives rise to this appeal. Appellee served copies of his petition to the PSP and the York County District Attorney's office. Appellee asserted he pleaded guilty to a violation of Section 3802(a)(1), which was improperly graded as a first-degree misdemeanor. Appellee's Pet. to Restore Firearm Rights, 12/22/14, at ¶ 3. He also averred that the PSP's criminal history record "does not include any offenses which would bar him from possessing a firearm." *Id.* at ¶ 16.

On October 8, 2015, the PSP filed an answer and new matter on the day of the hearing on Appellee's petition. The PSP maintained that Appellee's 2011 conviction involved a violation of Section 3802(c), and a firearm disability arose under federal law, specifically, 18 U.S.C. § 922(g)(1). According to the PSP, Appellee could not seek relief under 18 Pa.C.S. § 6105, and should have challenged its determination under 18 Pa.C.S. § 6111.1, or sought a clarification or correction of the record in the Mifflin County Court of Common Pleas.

At the October 8, 2015 hearing, the parties agreed that Appellee would be barred from possessing a firearm if he pleaded guilty to a violation of

---

[5] The Mifflin County docket also currently reflects that Appellee pleaded guilty to a violation of Section 3802(c).

Section 3802(c). N.T., 10/8/15, at 4-5. Appellee's counsel argued that the 2011 conviction involved a violation of Section 3802(a)(1), which would not affect Appellee's firearm rights. *Id.* at 4. Appellee testified that he was assured his 2011 conviction would not result in a firearm disability and he would not have pleaded guilty had he known the conviction would result in a disability. *Id.* at 20.

The PSP called Barry Palakovic, a legal assistant supervisor with the PSP's PICS Challenge Unit. *Id.* at 43. Palakovic testified that the three-year IP sentence on the 2011 conviction "sen[t] up a red flag[,]" because the sentence would be illegal for the listed conviction of Section 3802(a)(1). *Id.* at 46. Palakovic indicated that Appellee challenged the PSP's denial, after which his unit contacted the Mifflin County Court of Common Pleas. *Id.* The court transmitted to the PSP a "plea form" bearing a handwritten notation that Appellee pleaded guilty to a violation of Section 3802(c).[6] *Id.*

---

[6] The "plea form" is an abbreviated written colloquy, which read:

> Now, 3/29 [handwritten], 2010 2011 [handwritten alteration to year], I the undersigned Defendant, being advised of the charge(s) against me, the consequences of conviction, including the permissible range of sentence and/or fine, and my constitutional rights, including trial by jury, presumption of innocence, and right to counsel, do hereby knowingly, voluntarily and intelligently enter the pleas stated above my signature below.
>
> **PLEA:** Guilty – DUI 3802(c) ct II [handwritten]

According to Palakovic, the PSP thereafter denied Appellee's challenge, concluding that the 2011 conviction carried a federal firearm disability, and began amending its records. *Id.* Appellee did not take an administrative appeal from the PSP's denial of his challenge.

The court concluded the hearing, but held the record open for the parties to submit additional evidence. Appellee filed the transcript of the guilty plea and sentencing hearing from Mifflin County. The PSP did not object to the admission of the transcript, but suggested that the transcript supported its position Appellee pleaded guilty to a violation of Section 3802(c).

On November 9, 2015, the trial court granted Appellee's petition and directed:

> The right to possess, use, control, sell, transfer, or manufacture, and obtain a license to possess, use, control, sell, transfer, or manufacture a firearm is hereby restored for [Appellee].

Order, 11/9/15.

The PSP timely appealed. On December 22, 2015, the trial court ordered the filing of a Pa.R.A.P. 1925(b) statement. The PSP's Rule 1925(b)

---

Plea, stamped as filed 4/1/11. Appellee acknowledged he signed a plea form, but did not recall the handwritten entries on the above form when he signed it. N.T. at 33-34.

statement was timely filed[7] and served "by first class mail and electronic means" on the presiding judge. Although the PSP did not comply with a local rule for serving the trial court through the Administrative Office of the York County Courts, the court belatedly discovered the document in its mail and filed a responsive Rule 1925(a) opinion in support of affirmance.[8]

The PSP presents two questions for review, which we have reordered as follows:

> Did the trial court lack jurisdiction to grant Appellee relief in this case?
>
> Did the trial court err when it determined [Appellee] was not convicted of a first degree misdemeanor and therefore not prohibited from purchasing or possessing firearms?

Appellant's Brief at 4.

The PSP first argues that the trial court lacked jurisdiction to restore Appellee's firearms rights under Sections 6105(f) and 6105.1, because his 2011 conviction did not disable his rights under Pennsylvania law or trigger "any of th[e] threshold requirements" for restoration under Pennsylvania law. **Id.** at 8-10. It argues that Appellee was instead required to challenge the accuracy of its PICS record. **Id.** at 11 (citing 18 Pa.C.S. § 6111.1(e)).

---

[7] The PSP's statement was accompanied by a certificate of mailing dated January 12th. **See** Pa.R.A.P. 1925(b)(1).

[8] Appellee asserts that the PSP's claims on appeal should be deemed waived based on its noncompliance with the local rules of serving the trial court. Appellee's Brief at 5-6. We conclude that the PSP substantially complied with Rule 1925's service requirement, **see** Pa.R.A.P. 1925(b)(1), and decline to find waiver.

It also argues that the Mifflin County District Attorney was a necessary party, and Appellee's failure to provide notice to or join the Mifflin County District Attorney was fatal to the trial court's jurisdiction. **Id.** For the reasons that follow, we conclude that the court was competent to consider the petition, but that it erred in granting the relief requested.

The PSP's arguments raise questions of law over which our standard of review is *de novo* and our scope of review is plenary. **J.C.B. v. Pa. State Police**, 35 A.3d 792, 794 (Pa. Super. 2012).

The Pennsylvania Supreme Court has noted:

> [s]ome litigants, while believing they are raising a claim of subject matter jurisdiction, are actually posing a challenge to the tribunal's authority, or power, to act. **See Riedel v. Human Relations Comm'n of Reading**, 559 Pa. 34, 739 A.2d 121, 124 (1999). This confusion between the meaning of the terms "jurisdiction" and "power" is not surprising. While the terms are not synonymous, they are often used interchangeably by judges and litigants alike. **Id.** In **Riedel**, we teased out the distinctions between these terms, explicating that
>
> > [j]urisdiction relates solely to the competency of the particular court or administrative body to determine controversies of the general class to which the case then presented for its consideration belongs. Power, on the other hand, means the ability of a decision-making body to order or effect a certain result.

**Commonwealth v. Mockaitis**, 834 A.2d 488, 495 (Pa. 2003) (some citations omitted).

Further,

> As a general rule, an indispensable party is one whose rights are so connected with the claims of the litigants that no decree can be made without impairing its rights. . . . .
>
> The absence of an indispensable party goes absolutely to the court's jurisdiction. If an indispensable party is not joined, a court is without jurisdiction to decide the matter. The absence of an indispensable party renders any order or decree of the court null and void. The issue of "the failure to join an indispensable party" cannot be waived.

*Sabella v. Appalachian Dev. Corp.*, 103 A.3d 83, 90 (Pa. Super. 2014) (citation omitted), *appeal denied*, 114 A.3d 417 (Pa. 2015).

Under Pennsylvania law, Section 6105(a) imposes several disabilities on firearms rights triggered by Section 6105(b) and (c).[9] Section 6105(b) sets forth thirty offenses for which a conviction will give rise to a disability on an individual's firearms rights. **See** 18 Pa.C.S. § 6105(a)(1), (b). DUI is not listed as a disqualifying offense. **See id.** § 6105(b). Additionally, Section 6105(c) establishes nine criteria which give rise to a disability. A disability will be imposed for "[a] person who has been convicted of driving under the influence of alcohol or controlled substance as provided in 75

---

[9] Section 6105(a)(1) sets forth the firearm disability as follows:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

- 8 -

Pa.C.S. § 3802 . . . or the former 75 Pa.C.S. § 3731, **on three or more separate occasions within a five-year period**.” *Id.* § 6105(c)(3) (emphasis added). “For the purposes of [Section 6105(c)(3)] only, the prohibition of subsection (a) shall only apply to transfers or purchases of firearms after the third conviction.” *Id.*

Federal law, however, provides that it is unlawful for any person “who has been convicted in any court of, a crime punishable for a term exceeding one year” to possess a firearm. 18 U.S.C. § 922(g)(1). For the purposes of a “State offense” graded as a misdemeanor, “a crime punishable for a term exceeding one year” does **not** include an offense carrying a term of imprisonment of two years or less. *Id.* § 921(a)(20)(B). Moreover,

> [w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. **Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter**, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

*Id.* § 921(a)(20) (emphasis added). The phrase “restoration of civil rights” requires a deprivation and reinstatement of an individual’s full civil rights. *See Logan v. United States*, 552 U.S. 23, 25 (2007) (“we hold that the words ‘civil rights restored’ do not cover the case of an offender who lost no civil rights”); *Commonwealth v. Stiver*, 50 A.3d 702, 705 (Pa. Super. 2012) (“the state restoration must include an unconditional restoration of

firearm rights as well as the right to vote, the right to seek and hold public office and the right to serve on a jury" (citations omitted)).

There are several Pennsylvania statutes for removing a firearm disability or challenging the PSP's determination of disability.[10] First, for disabilities imposed under Section 6105(a), (b), or (c), an applicant may seek restoration of his rights under Section 6105(d), (e), or (f). *See* 18 Pa.C.S. § 6105(d)-(f). Section 6105(d), (e), and (f) establish four categories of applications for relief, as well as the procedures and standards for considering the application.[11] *Id.* However, restoration under Section 6105 is limited to the disabilities imposed under that section, and a court lacks authority to restore the applicant's rights from a concurrent federal disability. ***Pa. State Police v. Paulshock***, 836 A.2d 110, 115 (Pa. 2003). Further, it is axiomatic that to seek relief under Section 6105(d), (e), or (f), there must be a disability under Section 6105(a). ***Commonwealth v. Sherwood***, 859 A.2d 807, 810 (Pa. Super. 2004).

---

[10] An expungement or pardon under Pennsylvania law would also serve to lift a firearm disability. The federal statute also provides for a means of challenging a disability. *See* 18 U.S.C. § 925(c). However, it appears that the United States Congress's ban of the use of appropriations to investigate or act upon applications for relief under that Section remains in place. *See* ***Schrader v. Holder***, 704 F.3d 980, 982 (D.C. Cir. 2013).

[11] Appellee's petition seeking relief under Section 6105(f) was defective in form. Section 6105(f) applies to two categories of persons subject to Section 6105(a): (1) persons adjudged incompetent or who have been involuntarily committed to a mental health institution, *see* 18 Pa.C.S. § 6105(c)(4), (f)(1); and (2) persons subject to a protection from abuse order that required the relinquishment of firearms, ***see id.*** § 6105(c)(6), (f)(2).

Second, Section 6105.1 states: "a person convicted of a disabling offense may make application to the court of common pleas in the county where the principal residence of the applicant is situated for restoration of firearms rights." 18 Pa.C.S. § 6105.1(a). A "disabling offense" under Section 6105.1 means, in relevant part:

> A conviction for any offense which:
>
> (1) resulted in a Federal firearms disability and is substantially similar to either an offense currently graded as a crime punishable by a term of imprisonment for not more than two years or conduct which no longer constitutes a violation of law; **and**
>
> (2) was a violation of either of the following:
>
>> (i) the former act of May 1, 1929 (P.L.905, No.403), known as The Vehicle Code, or the former act of April 29, 1959 (P.L. 58, No. 32), known as The Vehicle Code; or
>>
>> (ii) the former act of June 24, 1939 (P.L. 872, No. 375), known as the Penal Code.

18 Pa.C.S. § 6105.1(e) (emphasis added). Section 6105.1, unlike Section 6105, expressly provides for a full restoration of civil rights by the court of common pleas. *See id.* § 6105.1(e) (defining "restoration of firearm rights" as "relieving any and all disabilities with respect to a person's right to own, possess, use, control, sell, purchase, transfer, manufacture, receive, ship or transport firearms, including any disabilities imposed pursuant to this subchapter. The phrase shall also mean the restoration of the right to vote, to hold public office and to serve on a jury"); *Stiver*, 50 A.3d at 706 n.1.

Additionally, Section 6105.1, unlike Section 6105, requires notice be provided to, *inter alia*, "the district attorney of the county where the disabling offense occurred" and states that the prosecuting district attorney, the PSP, and the district attorney in which the application is filed "may at their option, be parties to the proceeding." **See** 18 Pa.C.S. § 6105.1(b)(1); **see also id.** § 6105(e)(1) (generally requiring notice to, *inter alia*, the PSP and district attorney in county where application filed), (f)(2) (requiring notice to petitioner for a protection from abuse order).

Third, Section 6111.1(e) sets forth the right and procedures for challenging the PSP's records and its determinations of a disability.[12]    18

_____

[12] Section 6111.1(e), in full states:

> **(e) Challenge to records.—**
>
> (1) Any person who is denied the right to receive, sell, transfer, possess, carry, manufacture or purchase a firearm as a result of the procedures established by this section may challenge the accuracy of that person's criminal history, juvenile delinquency history or mental health record pursuant to a denial by the instantaneous records check by submitting a challenge to the Pennsylvania State Police within 30 days from the date of the denial.
>
> (2) The Pennsylvania State Police shall conduct a review of the accuracy of the information forming the basis for the denial and shall have the burden of proving the accuracy of the record. Within 20 days after receiving a challenge, the Pennsylvania State Police shall notify the challenger of the basis for the denial, including, but not limited to, the jurisdiction and docket number of any relevant court decision and provide the challenger an

Pa.C.S. § 6111.1(e). Section 6111.1(e)(1) permits an individual to challenge "a denial by the instantaneous records check by submitting a challenge to the Pennsylvania State Police within 30 days from the date of the denial." 18 Pa.C.S. § 6111.1(e)(1). If the PSP determines the challenge is invalid, the individual has a right to appeal to an administrative law judge and then to the Commonwealth Court. *Id.* § 6111.1(e)(3)-(4).

Preliminarily, we conclude that the trial court as a general matter has "jurisdiction" to consider a petition/application to restore firearm rights. Sections 6105(d), (e), and (f), and 6111.1 provide the court of common pleas in the county where the applicant resides with competence to inquire upon an application for relief from a firearm disability. *See* 18 Pa.C.S. § 6105(d)-(f), 6111.1(a). Moreover, no provision in Section 6105(d), (e), or

opportunity to provide additional information for the purposes of the review. The Pennsylvania State Police shall communicate its final decision to the challenger within 60 days of the receipt of the challenge. The decision of the Pennsylvania State Police shall include all information which formed a basis for the decision.

(3) If the challenge is ruled invalid, the person shall have the right to appeal the decision to the Attorney General within 30 days of the decision. The Attorney General shall conduct a hearing de novo in accordance with the Administrative Agency Law. The burden of proof shall be upon the Commonwealth.

(4) The decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved party.

18 Pa.C.S. § 6111.1(e).

- 13 -

(f) requires notice to the district attorney of the county in which the predicate offense occurred. **See id.** § 6105(d)-(f). Section 6105.1 requires notice to the district attorney where the disabling offense occurred and permits that district attorney to be a party. However, when resolving the collateral effects of a conviction such as a firearm disability, we discern no basis to conclude that interests of the prosecuting district attorney are so connected to the application that his or her rights would be impaired. **See Sabella**, 103 A.3d at 90.

Nevertheless, a review of the trial court's order and the record reveals that the gist of Appellee's petition was not a petition to restore his rights, but for a determination that his 2011 conviction did not carry a firearm disability. Appellee's Pet. to Restore Firearm Rights at ¶¶ 3, 16. To do so, he sought factual findings and conclusions that (1) he pleaded guilty to a violation of Section 3802(a)(1), as initially docketed in the Mifflin County, and indicated in the PSP's criminal record history, (2) the PSP erred in determining that a disability arose from a guilty plea to a violation of Section 3802(c), and (3) the PSP erred in amending its criminal history record. Because the General Assembly has provided a separate procedure for challenging the PSP's determination of disability when a denying a purchase of firearms, the trial court should have construed the action as one against the PSP and not a petition to restore firearm rights. **See** 18 Pa.C.S. § 6111.1. Thus, it appears the PSP was correct in suggesting the more proper

course for Appellee was to challenge its determination of disability through the procedures set forth in Section 6111.1, or seek clarification in the Mifflin County Court of Common Pleas.

In any event, we also agree with the PSP that the trial court lacked the power to grant relief under Sections 6105 or 6105.1. *See Mockaitis*, 834 A.2d at 495. Appellee's 2011 conviction for DUI, regardless of the grade of the offense or the maximum possible sentence, did not trigger a Pennsylvania disability under Section 6105(a). *Cf.* 18 Pa.C.S. § 6105(c)(3) (requiring three DUI convictions within five years to trigger a Pennsylvania disability). Rather, Appellee's alleged disability would arise solely out of federal law if he was convicted of a violation of Section 3802(c), as a second offense. *See* 18 U.S.C. § 922(g)(1) (establishing federal disability based on possible length of sentence for State offense); 18 Pa.C.S. § 6105(c)(3) (establishing disability under Section 6105(a) based on three DUI convictions within five years); *see also* 75 Pa.C.S. § 3803(b)(4). Further, the conviction was not a violation of the former Vehicle Codes of 1929 and 1939, which is a requirement for a "disabling offense" under Section 6105.1. *See* 18 Pa.C.S. § 6105.1(e)(2)(i). Accordingly, "[t]he trial court . . . should have declined to afford Appellee relief." *See Sherwood*, 859 A.2d at 810.

In light of the foregoing, we decline to review the trial court's determination that Appellee pleaded guilty to violation of Section 3802(a)(1) and must vacate its order granting Appellee's petition.

Order vacated.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016