J-S85009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CORY J. WILLIS | |
| Appellant | No. 1162 EDA 2016 |

Appeal from the Order March 16, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000602-2006

BEFORE: PANELLA, J., RANSOM, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.         **FILED JANUARY 09, 2017**

Appellant, Cory J. Willis, appeals from the order of the Monroe County Court of Common Pleas denying his application to restore his firearm rights. We affirm.

The relevant facts and procedural history are as follows. On June 19, 2007, Willis pleaded guilty to a second offense, DUI, highest rate of alcohol,[1] as a misdemeanor of the first degree. On that same date, Willis was sentenced to intermediate punishment for a period of 1 year, 90 days of which was to be spent under house arrest.

---

[1] 75 Pa.C.S.A. § 3802(c). Under the law in effect at the time of Willis's guilty plea, a person convicted of a misdemeanor of the first degree was subject to a term of imprisonment not to exceed 5 years. **See** 18 Pa.C.S.A. § 106(b)(6).

On January 17, 2015, Willis attempted to purchase a firearm at a gun show in Matamoras, Pike County, Pennsylvania. Due to his DUI conviction, he was denied permission to purchase the gun. An appeal of that denial is current pending before the Pennsylvania Attorney General's office.

On September 29, 2015, Willis filed a Petition for Restoration of Firearm Rights under 18 Pa.C.S.A. § 6105.1. The trial court held a hearing on Willis's Petition. Ultimately, the trial court dismissed Willis's Petition due to lack of jurisdiction. This timely appeal follows.

On appeal, Willis raises two issues. First, Willis argues that the trial court should have found that the sentencing limits set forth in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013), applied retroactively to Willis's second DUI conviction. **See** Appellant's Brief, at 3. Therefore, Willis argues, because the sentencing limit set forth in **Musau** would not make him a "disabled person" under federal law, the trial court should have found that he is a person allowed to possess a firearm. **Id**. at 9. Alternatively, if Willis was properly deemed a "disabled person" under federal law, Willis argues that the trial court erred in determining that Willis was not entitled to have his firearm rights restored under 18 Pa.C.S.A. § 6105.1. **See id**. at 10.

Willis's arguments challenge the trial courts interpretation of case law as well as its statutory interpretation of the Pennsylvania Uniform Firearms Act, 18 Pa.C.S.A. § 6101 et seq. These arguments raise questions of law over which our standard of review is *de novo* and out scope of review is

- 2 -

plenary. *See J.C.B. v. Pa. State Police*, 35 A.3d 792, 794 (Pa. Super. 2012).

We have reviewed the parties' briefs, the relevant law, the certified record, and the thorough opinion of the Honorable Stephen M. Higgins. The trial court's opinion comprehensively disposes of Willis's issues on appeal, with appropriate references to the record and without legal error. Therefore, we will affirm based upon that opinion. *See* Trial Court's Opinion, dated 3/16/16.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2017

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

CORY J. WILLIS,                          :      602 CR 2006
                                         :
     Petitioner                         :
                                         :
    vs.                                 :
                                         :      **Petition for Restoration of**
COMMONWEALTH OF PENNSYLVANIA,            :      **Firearm Rights**
                                         :
    Respondent                         :

## OPINION

This matter comes before the Court on Cory J. Willis' (hereinafter "Petitioner") Petition for Restoration of Firearm Rights. Petitioner was convicted of Driving under the Influence of Alcohol ("DUI"), Highest Rate (BAC .16+), Second Offense[1] on June 19, 2006 following a guilty plea to the charge. The conviction constitutes a Federal firearm disability pursuant to 18 U.S.C. § 922(g)(1) making it unlawful for Petitioner to possess a firearm. Petitioner now seeks to have his firearm rights restored so that he may have the opportunity to possess a firearm in the future. Upon consideration of the arguments presented by both parties, a careful review of both Pennsylvania's Uniform Firearms Act of 1995[2] ("Uniform Act") and the Federal Gun Control Act of 1968[3] ("Federal Act"), and for the reasons set forth below, Petitioner's Petition for Restoration of Firearm Rights is dismissed due to this Court's lack of jurisdiction to effectuate removal of a firearms disability imposed pursuant to the Federal Act.

---

[1] 75 Pa.C.S.A. § 3802(c).
[2] 18 Pa.C.S.A. § 6101 *et seq.*, specifically 18 Pa.C.S.A. § 6105.1.
[3] 18 U.S.C. § 921 *et seq.*, specifically 18 U.S.C. § 922.



## Factual and Procedural History

The following is a summary of the relevant facts, particular state and federal statutes that brought about this action, and procedural history of the case:

On June 19, 2006, following a guilty plea, Petitioner was convicted of a Second Offense, DUI, Highest Rate (BAC .16+). The first offense DUI occurred in 2002, for which Petitioner received Accelerated Rehabilitative Disposition ("ARD").

The second offense DUI in 2006 is graded as a Misdemeanor of the First Degree.[4] In Pennsylvania, a person convicted of a misdemeanor of the first degree is subject to a prison term not to exceed five years.[5]

Under the Federal Act, it is unlawful for any person, convicted of a State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment exceeding two years, to possess a firearm.[6]

On June 19, 2006, Petitioner was sentenced to intermediate punishment for a period of one (1) year, of which ninety (90) days was to be spent on electronic/house arrest program.

Because the maximum penalty Petitioner *could have received* for the Second Offense DUI exceeded two years, the Petitioner was prohibited from possessing a firearm under the Federal Act, as of his conviction date on June 19, 2006.

On or about January 17, 2015, Petitioner attempted to purchase a firearm at a gun show in Matamoras, Pike County, Pennsylvania. He was denied. An appeal of the denial is currently pending before the Attorney General's office.

---

[4] 75 Pa.C.S.A. § 3803(b)(3) states that "an individual . . . who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree."

[5] 18 Pa.C.S.A. § 106(b)(6) states that "a crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years."

[6] 18 U.S.C. § 922(g)(1).

2



The Pennsylvania State Police filed criminal charges against Petitioner related to the attempted purchase in Pike County in violation of 18 Pa.C.S.A. § 6105(a) (relating to the firearm restriction). That case has not reached its final disposition.

On September 29, 2015, Petitioner filed the instant Petition for Restoration of Firearm Rights under 18 Pa.C.S.A. § 6105.1. A hearing was held on the Petition on October 19, 2015, and briefs were ordered. The Commonwealth filed its Memorandum of Law on October 30, 2015, and Petitioner filed his Brief in Support of Petition for Restoration on November 4, 2015.

## Discussion

Petitioner argues that Section 18 Pa.C.S.A. 6105.1 of the Uniform Act provides the standard by which a court shall apply in determining whether restoration of Petitioner's firearm rights is warranted. In turn, the Commonwealth counters Petitioner's argument by offering a different interpretation of 18 Pa.C.S.A. 6105.1 and argues that Petitioner has not met the requirements necessary to restore his firearm rights. We find that both Petitioner and the Commonwealth have misinterpreted 18 Pa.C.S.A. 6105.1 in this case in that the statute provides relief in limited circumstances for a firearm disability under the Uniform Act but *does not* provide a remedy for a firearm disability that is imposed pursuant to the Federal Act.

### The Uniform Act

The Uniform Act, specifically Sections 6105(a) and 6105.1, contain the provisions by which a person will lose his or her firearm rights in Pennsylvania and the requirements for restoration of those firearm rights under certain circumstances. However, these two sections pertain only to a firearm disability under Pennsylvania's Uniform Act and not a firearm disability under the Federal Act. Furthermore, Section

3



6105.1, relied upon by both Petitioner and the Commonwealth, is applicable only to such offenses under *prior laws* of the Commonwealth, specifically violations of the former Vehicle Code and Penal Code.

Under the Uniform Act, a person can become a prohibited person in Pennsylvania by being convicted of any one of thirty-eight (38) enumerated offenses under section 6105(b) or whose conduct meets the criteria found under subsection (c) of section 6105. 18 Pa.C.S.A. § 6105(a),(c). Relief from such a state firearm disability under sections 6105(a) and 6105(c) is found in subsection 6105(d), where a person seeking relief "may make application to the court of common pleas of the county where the principal residence of the applicant is situated . . ." 18 Pa.C.S.A. § 6105(d). Therefore, the only relief that can be granted pursuant to Section 6105(d) is from a **state** firearm disability imposed under Section 6105(a). *Pennsylvania State Police v. Paulshock*, 836 A.2d 110, 115 (2003). As a result, Section 6105(d) does not grant the common pleas court the power to relieve a federal firearm disability. *Id*.

In the instant case, Petitioner has not been convicted of any of the enumerated offenses listed in Section 6105(b) nor does his conduct meet the criteria found under Section 6105(c) that would qualify him for a state firearm disability under Section 6105(a) of the Uniform Act. As such, Sections 6105(a), (b), (c), and (d) are inapplicable to Petitioner's case.

Here, Petitioner advances two arguments in support of his petition for restoration of his firearm rights: 1) the Petitioner is not a "disabled person" for purposes of possessing a firearm as a result of a decision in *Commonwealth v. Musau*, 69 A.3d 754 (Pa. Super 2013), which held that the maximum penalty for a first or second DUI conviction under the DUI statute (75 Pa.C.S.A. § 3803) is six-months, therefore

4

disqualifying Petitioner from a firearm disability under the Federal Act; and 2) that if Petitioner is a "disabled person", he is therefore eligible for restoration under Section 6105.1. Both arguments are without merit.

First, *Musau* was decided in June 2013, nearly seven years after Petitioner's conviction on the second offense DUI and six years after completion of his sentence. To apply the *Musau* decision to Petitioner in this case would be a retroactive application of the law without clear intent from the Superior Court in *Musau* that its decision should be applied to parties outside of that particular case.

The Pennsylvania Constitution neither mandates nor prohibits retroactive or prospective application of a new court decision. *Blackwell v. Comm., State Ethics Com'n*, 589 A.2d 1094, 1098 (1991). "Retroactive application is a matter of judicial discretion which must be exercised on a case by case basis." *Id*. at 1099. Our Supreme Court adopted a three-factor test in *Blackwell* that shall be applied when a question of the retroactivity or nonretroactivity of a new decision is before the Court. *Id*. Although we may apply the three-factor test in this case, we choose to dispose of this argument with a simpler analysis of the *Musau* decision.

The issue in *Musau* was whether a plain reading of the DUI statute in the Vehicle Code (75 Pa.C.S.A. § 3803) imposed a statutory maximum sentence of either six months or five years imprisonment for a second offense DUI, based on the interpretation of the word "notwithstanding" in the statute. If the court interpreted the statute to cap the maximum sentence at six months, then the federal firearm disability would not attach. 75 Pa.C.S.A. § 3803 reads in relevant part:

> 3803. Grading
> (a) Basic Offenses – *Notwithstanding* as provided in subsection (b):

5



(1) An individual who violates section 3902(a) (relating to driving under the influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).

(b) Other offenses –
(4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803 [Emphasis added]

The Appellant in *Musau* argued that a plain reading of subsection (a) dictated that the maximum sentence Appellant could receive for a second offense DUI with a BAC refusal was six months incarceration. *Musau*, 69 A.3d at 757. The Superior Court agreed with the Appellant finding that our Supreme Court has defined the term "notwithstanding" as "regardless of", and given this definition, a plain reading of subsection (a) indicated as follows: regardless of the fact that a second offense DUI results in the grading of the offense as a first degree misdemeanor, the maximum sentence for a first or second DUI conviction is six months imprisonment. *Id.* at 758. The Superior Court went on to declare that this interpretation would be different if the "legislature had instead prefaced subsection (a) with 'except as provided in subsection (b)'", suggesting that the word "except" in place of "notwithstanding" would give subsection (b)(4) legal effect over subsection (a) with regard to the maximum penalty for a second offense DUI. *Id.*

In 2014 the legislature, presumably in response to the Superior Court's holding in *Musau*, amended subsection (a) replacing the word "notwithstanding" with "except". Petitioner in this case would have a valid argument under the *Musau* decision if the legislature had not acted to amend the statute, however because they did, Petitioner's argument with regard to *Musau* is rendered moot. For these reasons,

6

Petitioner's second offense DUI is graded as a misdemeanor in the first degree, which carries a maximum sentence of five years imprisonment, and results in a federal firearm disability under the Federal Act.

Petitioner's second argument is also without merit because the relief provided by Section 6105.1 is not applicable to Petitioner in this case.

Section 6105.1 titled <u>Restoration of Firearm Rights for Offenses Under Prior Laws of the Commonwealth</u>, does refer to Federal firearm disabilities, although with limited application not available to Petitioner in this case. It provides in relevant part:

> (a) Restoration. -- A person convicted of a **disabling offense** may make application to the court of common pleas in the county where the principal residence of the applicant is situated for restoration of firearms rights.
>
> (e) **"Disabling Offense."** A conviction for any offense which:
>
> > (1) resulted in a Federal firearms disability and is substantially similar to either an offense currently graded as a crime punishable by a term of imprisonment for not more than two years or conduct which no longer constitutes a violation of law; **and**
> >
> > (2) **was a violation of either of the following:**
> > > (i) **the former act of May 1, 1929, known as The Vehicle Code, or the former act of April 29, 1959, known as The Vehicle Code; or**
> > > (ii) the former act of June 24, 1939, known as the Penal code.

18 Pa.C.S.A. 6105.1(a), (e). [emphasis added].

Subsection (e) (2) is relevant in that it defines a "disabling offense" only as a violation that occurs under the former Vehicle Code or the former Penal Code, both of which have been revised by more recent amendments. Our Superior Court in

*Commonwealth v. Stiver*, 50 A.3d 702, interpreted Section 6105.1 as applying only to

7

persons convicted of a "disabling offense"; i.e., "persons who have a federal firearms disability that resulted from an offense under the previous Penal or Traffic Code of this Commonwealth, and which is no longer graded as an offense punishable by two or more years' imprisonment under the current laws of this Commonwealth." *Id*, at 706.

Petitioner here was charged and convicted under the amended Vehicle Code (amended by the Act of June 17, 1976, Act 81). Because Section 6105.1 defines a "disabling offense" as a violation that occurred specifically under the former Vehicle Codes (Act of May 1, 1929 and Act of April 29, 1959) and former Penal Code (Act of June 24, 1939), the Petitioner's conviction is not a "disabling offense" under the statute.

Because Petitioner's conviction is not a "disabling offense" under Section 6105.1, the relief provided by the statute is not available to Petitioner.

The Federal Act

Petitioner is disabled for purposes of possessing a firearm under Section 922(g)(1) of the Federal Act as a result of having been convicted of a crime punishable by imprisonment or term exceeding one year.[7] This prohibition includes such State misdemeanor convictions where the maximum prison term exceeds two years.[8] The Federal Act provides the procedure by which a person, who is prohibited from possessing a firearm, may restore his or her firearm rights under federal law. This procedure is codified in Section 925(c) of the Federal Act. It provides in relevant part:

> (c) A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may **make application to the Attorney General for relief** from

---

[7] 18 U.S.C. § 922(g). Section 922(g)(1) states: "it shall be unlawful for any person – who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm ... or receive ... any firearm which has been shipped or transported in interstate or foreign commerce."

[8] 18 U.S.C. § 921(a). Section 921(a)(20)(B) states: "The term 'crime punishable by imprisonment for a term exceeding one year' does not include – any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less."

8

> the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of relief would not be contrary to the public interest. **Any person whose application is denied by the Attorney General may file a petition with the United States district court** for the district in which he resides for a judicial review of such denial.

18 U.S.C. § 925(c). [emphasis added].

As discussed above, Petitioner is disabled from possessing a firearm under the Federal Act, not the Uniform Act, and as such must follow the procedures set forth in Section 925(c) of the Federal Act for restoration of his firearm rights. It is our understanding from Petitioner's brief that he has applied with the Attorney General for restoration and his application has been denied. As outlined above, any appeals of such denial are exclusively within the jurisdiction of the U.S. district court in which the Petitioner resides.

For the reasons stated above, we find that we lack the jurisdiction to effectuate the removal of a firearms disability imposed pursuant to the Federal Act.

Having addressed all issues before this Court, we enter the following order:



9