IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
    v.    :
    :
Hillel Markowitz,    :   No. 671 C.D. 2022
    Appellant    :   Submitted: April 3, 2023


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE STACY WALLACE Judge


OPINION
BY JUDGE FIZZANO CANNON       FILED: May 10, 2023


Hillel Markowitz (Appellant) appeals from the February 9, 2022 order of the Court of Common Pleas of Lackawanna County (trial court) that denied his Petition to Restore Firearms (Petition) for lack of jurisdiction. Upon review, we affirm.

## I. Background and Procedural Posture

On March 1, 1999, Appellant pleaded guilty to one count of driving under the influence (DUI) pursuant to Section 3731 of the Vehicle Code,[1] *former* 75 Pa.C.S. § 3731(a)(1)[2] (DUI Conviction). The DUI Conviction was graded as a misdemeanor of the first degree by virtue of it being Appellant's third DUI

---

[1] 75 Pa.C.S. §§ 3101-3817.

[2] Section 3731 of the Vehicle Code was repealed by the Act of September 30, 2003, P.L. 120, No. 24, § 14, effective February 1, 2004, which replaced Section 3731 with Section 3802 of the Vehicle Code, 75 Pa.C.S. § 3802.

conviction. *See* Appellant's Criminal History Record, Petition Exhibit A; Reproduced Record (R.R.) at 27a. On May 25, 1999, Appellant was sentenced to 3 to 36 months' incarceration. *See* Docket No. CP-35-CR-0001492-1998 (Trial Court Docket) at 2; R.R. at 2a. Appellant did not appeal the DUI Conviction. *See* Trial Court Docket at 5; R.R. at 5a.

Nearly two decades later, Appellant was prohibited from purchasing a firearm as a result of a check of the Pennsylvania Instant Check System (PICS). *See* Pennsylvania State Police PICS Challenge Letter dated April 6, 2017 (PICS Challenge Letter); R.R. at 36a. Appellant filed a challenge of the PICS denial with the Pennsylvania State Police (PICS Challenge), which upheld the denial of Appellant's attempt to purchase a firearm based on the PICS information, explaining that "the basis of [the] denial can be found under federal law, [Section 922(g) of the Federal Gun Control Act of 1968 (Federal Gun Control Act),] 18 [U.S.C.] § 922(g)." PICS Challenge Letter; R.R. at 36a. The Pennsylvania State Police further explained:

> [The] 1999 [DUI C]onviction [] is prohibiting. Please be advised that regardless of any penalty [Appellant] may have received, this decision is based on the maximum penalty [Appellant] could have received for [the DUI Conviction].

*Id.*

Appellant filed the Petition on July 9, 2021. *See* Petition; R.R. at 19a-39a; *see also* Trial Court Docket at 5; R.R. at 5a. In the Petition, Appellant alleged that he is entitled to the reinstatement of his firearms rights pursuant to Section

2

6105.1 of the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act),[3] 18 Pa.C.S. § 6105.1. *See* Petition at 1-4; R.R. at 19a-22a. The Commonwealth of Pennsylvania (Commonwealth), through the Pennsylvania State Police, filed an Answer to the Petition on July 23, 2021.[4] *See* Answer; R.R. at 40a-45a. The Answer included New Matter alleging that the DUI Conviction is not a "disabling offense" under Section 6105.1(e) of the Firearms Act. *See* Answer at 2-3; R.R. at 41a-42a; Trial Court Docket at 5; R.R. at 5a. Appellant filed a response to the New Matter on August 10, 2021. *See* Petitioner Hillel Markowitz's Response to the Pennsylvania State Police's New Matter; R.R. at 46a-52a; Trial Court Docket at 5; R.R. at 5a.

The trial court conducted a hearing on the Petition on September 3, 2021. *See* Transcript of Proceedings, September 3, 2021 (Tr. 9/3/2021); R.R. at 53a-61a. On February 9, 2022, the trial court entered an order denying the Petition (Trial Court Order) wherein the trial court explained:

> [Appellant] pled guilty to one (1) count of [DUI] pursuant to 75 Pa.C.S.[] § 3731, which is currently graded as a crime punishable by up to five (5) years of imprisonment. This offense does not meet the requirements for the Restoration of Firearms, therefore [Appellant's] Petition is Denied. 18 Pa.C.S.[] § 6105.1[.]

---

[3] 18 Pa.C.S. §§ 6101-6187.

[4] Although dated by counsel and signed on July 21, 2021, the Answer was filed in the trial court on July 23, 2021. *See* Answer at 3 (pagination supplied), R.R. at 42a; *see also* Trial Court Docket at 5; R.R. at 5a.

Trial Court Order at n.1.  This timely appeal followed.[5]

## II. Issues

On appeal, Appellant claims the trial court erred by failing to restore his firearms rights.  *See* Appellant's Br. at 4-5.[6]  Appellant claims the trial court's

---

[5] In reviewing a trial court's determination of a petition seeking the restoration of firearms rights, this Court's standard of review is limited to determining whether the trial court abused its discretion or committed an error of law, or whether constitutional rights were violated.  *See Commonwealth v. Spell* (Pa. Cmwlth., No. 1720 C.D. 2016, filed November 9, 2017), slip op. at 2 n.2.

[6] In his brief, Appellant states the questions involved in this appeal as eight separate questions:

> (1) Did the trial court err by denying [Appellant] the opportunity to [be] heard regarding his good character and reputation during the September 3, 2021 hearing in violation of the [Firearms Act], as well as the Fourteenth Amendment to the United States Constitution[, U.S. Const. amend. XIV]?
>
> (2) Did the trial court err by failing to restore [Appellant's] firearms rights in violation of the Second Amendment of the United States Constitution[, U.S. Const. amend. II]?
>
> (3) Did the trial court err by failing to resolve the discrepancy regarding the grading of [Appellant's] 1999 DUI conviction on the Lackawanna County Criminal Docket and the Pennsylvania State Police Criminal History Record?
>
> (4) Did the trial court err by denying [Appellant's] Petition on the ground that his 1999 DUI conviction is not a "disabling offense" pursuant to the [Firearms] Act?
>
> (5) Did the trial court err by determining that [Appellant's] 1999 conviction is *currently* graded as a crime punishable by up to five (5) years' imprisonment, despite [Appellant's] successful completion of the accelerated rehabilitative disposition ("ARD") program for a prior DUI?
>
> (6) Does the Pennsylvania [Superior] Court's decision in *Commonwealth v. Chichkin* mandate that the DUI offense for which

4

failure to restore his firearms rights violated his rights under the Second Amendment of the United States Constitution.[7]  He also claims the trial court erred by determining that the DUI Conviction was not a "disabling offense" pursuant to Section 6105.1(e) of the Firearms Act, by misunderstanding the current grading of the DUI Conviction, and by failing to resolve discrepancies in Appellant's criminal history and the Trial Court Docket regarding the proper grading of the DUI Conviction.  Appellant further claims that pursuant to *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), the DUI Conviction represented a second DUI

> [Appellant] successfully completed the ARD program would not count as a "prior offense" for purposes of grading and, as such, the 1999 DUI conviction would constitute a second offense, rather than a third offense?
>
> (7) Does the Pennsylvania [Superior] Court's decision in *Commonwealth v. Chichkin* apply where [Appellant] does not seek to invalidate a prior sentence on collateral review pursuant to the Post Conviction Relief Act ("PCRA")[, 42 Pa.C.S. §§ 9541-9546], but instead seeks to restore his firearms rights after twenty-three (23) years with zero (0) additional criminal convictions?
>
> (8) Do fairness and equity mandate the restoration of [Appellant's] firearm rights when his last criminal conviction occurred more than two (2) decades ago and, since that time, [Appellant] has gotten married, started a family and maintained a good reputation and character?

Appellant's Br. at 4-5.  The Commonwealth restates these purportedly distinct issues as one:

> Did the trial court abuse its discretion or commit an error of law when it denied Appellant's petition for restoration of firearms rights pursuant to 18 Pa.C.S. § 6105.1?

Commonwealth Br. at 2.

---

[7] "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. CONST. amend. II.

conviction, not a third, and therefore was a "disabling offense" under Section 6105.1(e) of the Firearms Act. Appellant also argues that the trial court erred by not allowing Appellant to testify as to his character at the hearing on the Petition, and that fairness and equity mandate the restoration of his firearms rights based on his good reputation and behavior.

### III. Discussion

Section 6105(a) of the Firearms Act prohibits persons convicted of one of 38 enumerated offenses or of certain specified conduct from possessing, using, controlling, selling, transferring, or manufacturing firearms, or from obtaining a license to do any of the above in reference to firearms in the Commonwealth of Pennsylvania. *See* 18 Pa.C.S. § 6105(a). Additionally, relevant here, Section 6105(c)(3) subjects persons convicted of DUI under either 75 Pa.C.S. § 3802 or former 75 Pa.C.S. § 3731 on three or more separate occasions within a five-year period to the prohibitions of Section 6105(a) of the Firearms Act. *See* 18 Pa.C.S. § 6105(c)(3).

Section 6105.1(a) of the Firearms Act provides for the restoration of firearms rights by a trial court upon application as follows:

> **(a) Restoration.--**A person convicted of a disabling offense may make application to the court of common pleas in the county where the principal residence of the applicant is situated for restoration of firearms rights. The court shall grant restoration of firearms rights after a hearing in open court to determine whether the requirements of this section have been met unless:
>
> > (1) the applicant has been convicted of any other offense specified in [S]ection 6105(a) or (b) (relating to persons not to possess, use, manufacture, control, sell or transfer firearms) or

6

the applicant's conduct meets the criteria in section 6105(c)(1), (2), (3), (4), (5), (6) or (7);

(2) the applicant has been convicted of any other crime punishable by imprisonment exceeding one year as defined in [S]ection 6102 [of the Firearms Act] (relating to definitions);[8] or

(3) the applicant's character and reputation is such that the applicant would be likely to act in a manner dangerous to public safety.

18 Pa.C.S. § 6105.1(a). Therefore, under its plain language, Section 6105.1(a) of the Firearms Act applies only to "disabling offenses." *See id.* Section 6105.1(e) of the Firearms Act defines a "disabling offense" as:

A conviction for any offense which:

(1) resulted in a Federal firearms disability and is substantially similar to either an offense currently graded as a crime punishable by a term of imprisonment for not more than two years or conduct which no longer constitutes a violation of law; and

(2) was a violation of either of the following:

(i) the former act of May 1, 1929 (P.L. 905, No. 403) [1929 Vehicle Code], known as The Vehicle Code, or the former act of April 29, 1959 (P.L. 58, No. 32) [1959 Vehicle Code], known as The Vehicle Code; or

(ii) the former act of June 24, 1939 (P.L. 872, No. 375), known as the Penal Code.

---

[8] Section 6102 of the Firearms Act excludes "[s]tate offenses classified as misdemeanors and punishable by a term of imprisonment not to exceed two years" from the definition of "[c]rime punishable by imprisonment exceeding one year[.]" 18 Pa.C.S. § 6102.

7

18 Pa.C.S. § 6105.1(e). Based on this definition, the Superior Court of Pennsylvania has found that

> Section 6105.1 [of the Firearms Act] applies only to persons convicted of a "disabling offense;" i.e., persons who have a federal firearms disability that resulted from an offense under the previous Penal or [Vehicle] Code of this Commonwealth, and which is no longer graded as an offense punishable by two or more years' imprisonment under the current laws of this Commonwealth.

*Commonwealth v. Stiver*, 50 A.3d 702, 706 (Pa. Super. 2012).[9] Therefore, Section 6105.1 of the Firearms Act applies neither to convictions under previous versions of the Vehicle Code nor to convictions punishable by more than two years' imprisonment because such convictions are not "disabling offenses" under Section 6105(e) of the Firearms Act. *See* 18 Pa.C.S. § 6105.1(e)(2); *see also Stiver*, 50 A.3d at 706 (relief not available to petitioner under Section 6105.1 of the Firearms Act where underlying theft offense was punishable by more than two years' imprisonment).

Here, Appellant is not entitled to restoration of his firearms rights because the DUI Conviction is not a "disabling offense" as defined in Section 6105.1(e) of the Firearms Act. First, Appellant incurred the DUI Conviction in 1999 pursuant to the then-current version of the Vehicle Code, Act of June 17, 1976, P.L. 162, No. 81, § 1 (which has since been revised by more recent amendments), not under either the 1929 Vehicle Code or the 1959 Vehicle Code. The DUI Conviction is therefore not a "disabling offense" under Section 6105.1(e) for this reason. *See*

---

[9] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

8

18 Pa.C.S. § 6105.1(e)(2); *see also Stiver.* Further, the DUI Conviction is not a "disabling offense" under Section 6105(e) of the Firearms Act because it was punishable by more than two years' imprisonment. The DUI Conviction was Appellant's third and was graded as a misdemeanor of the first degree. *See former* 75 Pa.C.S. § 3731(e)(1) ("Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree, except that a person convicted of a third or subsequent offense is guilty of a misdemeanor of the first degree[.]"). As a misdemeanor of the first degree, the DUI Conviction was punishable by up to five years' imprisonment. *See* 18 Pa.C.S. § 106(b)(6) ("A crime is a misdemeanor of the first degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than five years."). *See* 18 Pa.C.S. § 6105.1(e)(1); *see also Stiver*. For these reasons, the DUI Conviction is not a "disabling offense" under Section 6105.1 of the Firearms Act, and the restorative relief provided by this statute is not available to Appellant.

Further, Appellant's firearms disability did not stem from Section 6105(c) of the Firearms Act. As the trial court noted, the record in this matter is devoid of evidence that the DUI Conviction was Appellant's third conviction for DUI *within a five-year period. See* Statement In Lieu of [Opinion Pursuant to Pa.R.A.P.] 1925([a]) (Trial Court Opinion) at 3. Accordingly, Appellant's firearms disability stems from federal law and must be challenged through procedures established thereunder.[10] *See* 18 U.S.C. § 925(c). Appeals of adverse results in such

---

[10] We observe that the Federal Gun Control Act provides the procedure by which a person prohibited from possessing a firearm under federal law may restore their firearms rights. *See* 18 U.S.C. § 925(c). The Federal Gun Control Act outlines this procedure in relevant part as follows:

> (c) A person who is prohibited from possessing, shipping, transporting, or receiving firearms or ammunition may make

9

federal challenges are appealable to, and exclusively within the jurisdiction of, the United States District Court in which such a petitioner resides. *See id.* Therefore, we find no error in the trial court's conclusion that, "because Appellant's prohibition of firearm possession stems from federal and not Pennsylvania law, and because [the] DUI [C]onviction is not considered a disabling offense, th[e trial c]ourt lacks the power to grant Appellant's requested relief." Trial Court Opinion at 3.

To the extent Appellant argues that the trial court erred by failing to resolve an alleged discrepancy in the grading of the DUI Conviction, we do not agree. *See* Appellant's Br. at 14-16. While we acknowledge that the Trial Court Docket lists the DUI Conviction as a misdemeanor of the second degree, this document is not controlling. *See* Trial Court Docket at 2; R.R. at 2a. The Trial Court Docket itself indicates that it is not authoritative by including the following disclaimer at the bottom of each page:

> Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate [] data, errors or omissions on these reports. Docket Sheet information should not be used in place of a

application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest. Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial.

18 U.S.C. § 925(c).

10

criminal history background check which can only be provided by the Pennsylvania State Police.

Trial Court Docket at 1-8; R.R. at 1a-8a. Instead, Appellant's Criminal Record History controls the question of appropriate grading in this matter and lists the DUI Conviction as a misdemeanor of the first degree. *See* Criminal History Record, R.R. at 27a. Additionally, the original trial court record from the DUI Conviction contains a Sentencing Guideline Form filed the day of Appellant's sentencing that also grades the DUI Conviction as a misdemeanor of the first degree. *See* Sentencing Guideline Form, filed May 25, 1999. Further, to the extent Appellant maintains that the Criminal Record History is incorrect, we observe that the proper procedures to challenge the accuracy of a criminal history proffered by the Pennsylvania State Police are contained in Section 6111.1(e) of the Firearms Act, 18 Pa.C.S. § 6111.1(e),[11] which procedures Appellant did not employ to challenge the accuracy

---

[11] Section 6111.1(e) of the Firearms Act provides the following procedure to challenge the accuracy of criminal history records:

**(e) Challenge to records.—**

(1) Any person who is denied the right to receive, sell, transfer, possess, carry, manufacture or purchase a firearm as a result of the procedures established by this section may challenge the accuracy of that person's criminal history, juvenile delinquency history or mental health record pursuant to a denial by the instantaneous records check by submitting a challenge to the Pennsylvania State Police within 30 days from the date of the denial.

(2) The Pennsylvania State Police shall conduct a review of the accuracy of the information forming the basis for the denial and shall have the burden of proving the accuracy of the record. Within 20 days after receiving a challenge, the Pennsylvania State Police shall notify the challenger of the basis for the denial, including, but not limited to, the jurisdiction and docket number of any relevant court decision and provide the challenger an opportunity to provide

11

of his criminal history following the denial of his attempt to purchase a firearm and the Pennsylvania State Police's denial of his PICS Challenge.

Additionally, to the extent Appellant relies on *Chichkin* to argue that the DUI Conviction could not be considered a third offense and therefore was a "disabling offense" under Section 6105.1(e) of the Firearms Act, he is incorrect. In *Alleyne v. United States*, 570 U.S. 99 (2013), the Supreme Court of the United States established a rule that any fact that increases a mandatory minimum criminal penalty other than the fact of a previous conviction must be proven to a factfinder beyond a reasonable doubt. In *Chichkin*, the Superior Court applied the *Alleyne* rule to DUI sentencing such that an ARD disposition for a first DUI conviction could not be considered as a prior DUI offense in sentencing for subsequent DUI convictions. *See Chichkin*, 232 A.3d at 966-69. In short, the Superior Court determined that the acceptance of ARD, which involves no admission or proof of guilt beyond a reasonable doubt, did not constitute a conviction for *Alleyne* purposes. *See id.* at 968-69. Therefore, the Superior Court determined that the mandatory imposition of criminal penalties based solely on the previous acceptance of ARD in a prior DUI

additional information for the purposes of the review. The Pennsylvania State Police shall communicate its final decision to the challenger within 60 days of the receipt of the challenge. The decision of the Pennsylvania State Police shall include all information which formed a basis for the decision.

(3) If the challenge is ruled invalid, the person shall have the right to appeal the decision to the Attorney General within 30 days of the decision. The Attorney General shall conduct a hearing de novo in accordance with the Administrative Agency Law. The burden of proof shall be upon the Commonwealth.

(4) The decision of the Attorney General may be appealed to the Commonwealth Court by an aggrieved party.

18 Pa.C.S. § 6111.1(e).

matter was unconstitutional. *See id.* Accordingly, the Superior Court held 75 Pa.C.S. § 3806 unconstitutional to the extent it defines prior acceptance of ARD as a "prior offense" for the purpose of imposing enhanced criminal penalties for subsequent DUI convictions. *See id.*

Appellant argues that, pursuant to the Superior Court's decision in *Chichkin*, the DUI Conviction should be considered a second, not a third DUI conviction, and thus properly graded as a misdemeanor of the second degree, which grading carries a maximum punishment of not more than two years' imprisonment. *See* 18 Pa.C.S. § 106(b)(7). However, during the pendency of this appeal, the Superior Court expressly overruled *Chichkin*, holding instead "that the portion of Section 3806(a) [of the Vehicle Code], which equates prior acceptance of ARD to a prior conviction for purposes of imposing a Section 3804 mandatory minimum sentence, passes constitutional muster." *Commonwealth v. Moroz*, 284 A.3d 227, 233 (Pa. Super. 2022) (*en banc*).[12] Therefore, the Superior Court expressly permitted the use of a prior ARD at sentencing to enhance the mandatory minimum of a second or subsequent DUI conviction. *See id.*

Additionally, before the Superior Court handed down the *Moroz* decision, this Court, sitting *en banc*, addressed the question of collateral civil consequences in reference to ARDs for DUIs in *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021), *appeal granted*, 280 A.3d 859 (Pa. 2022).[13] In *Ferguson*, the Court determined that

---

[12] We observe and appreciate that Appellant filed his brief in this matter forwarding his *Chichkin*-based argument prior to the Superior Court's *en banc* decision in *Moroz*.

[13] We acknowledge that the Supreme Court has granted a petition for allowance of appeal in *Ferguson* to hear and decide the ARD-as-prior-offense issue. *See Ferguson v. Dep't of Transp., Bureau of Driver Licensing*, 280 A.3d 859 (Pa. 2022). While the Supreme Court may on appeal

a licensee's procedural due process rights were not violated when the Department of Transportation suspended his driving privileges as a subsequent or repeat DUI offender following the licensee's completion of ARD for his first DUI, which the Department of Transportation viewed as a "prior offense" under Section 3806(a) of the Vehicle Code, 75 Pa.C.S. § 3806(a) (concerning prior DUI offenses). *See Ferguson*, 267 A.3d at 632. The Court reasoned that, because license suspensions are civil proceedings, the *Chichkin* ruling did not invalidate Section 3806(a) of the Vehicle Code for civil license suspension purposes. *See id.* Likewise, here, the Petition seeks relief in a civil action from a collateral civil consequence of Appellant's prior criminal behavior – multiple DUI convictions, for one of which Appellant received an ARD – in a civil proceeding to reinstate his firearms rights. As in *Ferguson*, Appellant is not entitled to relief in a civil proceeding from the collateral civil consequences of the DUI Conviction (that the DUI Conviction was a third DUI conviction for "disabling offense" definitional purposes) because Appellant's initial DUI resulted in an ARD. For these reasons, Appellant's argument based on *Chichkin* that the DUI Conviction does not represent a third DUI conviction for Section 6105.1(e) purposes fails.

Further, to the extent Appellant argues that the trial court erred by not allowing him to testify as to his character and reputation for the past 23 years because evidence of his good character would have "justified" the restoration of his firearms rights, he is incorrect. *See* Appellant's Br. at 12-14 & 23-24. Contrary to

---

overturn this Court's determination regarding the use of ARDs as "prior offenses" in license suspension cases, until it does, this Court's determination in *Ferguson* remains the law of the Commonwealth. *See Germantown Cab Co. v. Phila. Parking Auth.*, 27 A.3d 280, 283 (Pa. Cmwlth. 2011) ("It is axiomatic that a decision of an appellate court remains binding precedent, even if it has been appealed, unless and until it is overturned by the Pennsylvania Supreme Court.").

Appellant's argument, Section 6105.1(a)(3) of the Firearms Act does not provide an avenue whereby an individual who has lost their firearms rights may restore the same by demonstrating good character and reputation since the loss of the firearms rights. *See* 18 Pa.C.S. § 6105.1(a). On the contrary, in addition to subsequent convictions following the conviction for which a petitioner originally lost their firearms rights disqualifying a petitioner from having firearms rights restored,[14] Section 6105.1(a)(3) of the Firearms Act outlines an additional, alternative disqualifier to a petitioner seeking the restoration of firearms rights, proof of which will serve to prevent a common pleas court from granting a petition for the restoration of firearms rights. *See id.* Thus, this subsection does not, as Appellant suggests, provide an avenue for a petitioner to prove an entitlement to have their firearms rights restored by proving their good character and reputation since their disqualifying convictions, but instead provides only a separate avenue beyond additional subsequent convictions whereby the Commonwealth might prove a petitioner's continuing unworthiness for such restoration.

## IV. Conclusion

For the reasons above, we affirm the Trial Court Order.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[14] *See* 18 Pa.C.S. §§ 6105.1(a)(1) and (a)(2).

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                                       :

           v.                         :

                                          :

Hillel Markowitz,                   :     No. 671 C.D. 2022
                Appellant        :

## O R D E R

AND NOW, this 10th day of May, 2023, the February 9, 2022 order of the Court of Common Pleas of Lackawanna County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge